UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RYAN ARMSTRONG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-cv-04194-SLD-DJQ |
| THE UNITED STATES FEDERAL GOVERNMENT, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

MERIT REVIEW ORDER

The matter comes before the Court for merit review of Plaintiff Ryan Armstrong's Complaint, ECF No. 1, and for ruling on Plaintiff's motion to proceed *in forma pauperis* ("IFP"), ECF No. 2.

I. **IFP Motion**

Plaintiff requests to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915(a)(1). Mot. Proceed IFP. He submitted an affidavit signed under penalty of perjury which demonstrates that he is unable to pay the costs of the proceeding. Aff. Supp. 1–3, ECF No. 2-1. The motion to proceed IFP, therefore, is GRANTED.

II. **Merit Review**

The Court must dismiss an action brought by an individual proceeding IFP if it determines the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Section 1915(e)(2)(B)(i) allows courts "to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490

U.S. 319, 327 (1989).[1] "A claim is factually frivolous if its allegations are bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007); *Neitzke*, 490 U.S. at 328 (noting that a court can dismiss complaints that describe "fantastic or delusional scenarios"). A ruling that a suit is frivolous is a jurisdictional ruling. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). Once the court dismisses a suit as factually frivolous, a plaintiff cannot bring a new suit based on the same allegations. *See id.* ("[W]hile a frivolous suit does not engage the jurisdiction of the district court to decide the merits of the suit, the court has jurisdiction to determine its jurisdiction, and its determination precludes the plaintiff from filing a new suit with the same jurisdictional defect.").

Plaintiff has filed two suits in this Court that have been dismissed. The first suit, in which Plaintiff filed a 353-page amended complaint against over eighty defendants alleging that he had been a victim of mind control and had his inventions stolen, was dismissed as factually frivolous. *See generally Armstrong v. The U.S. Fed. Gov't*, No. 4:23-cv-04139-SLD-JEH, 2023 WL 7005376 (C.D. Ill. Oct. 24, 2023). The Court found that the second suit, in which Plaintiff filed a short complaint against over one hundred defendants, was precluded by the ruling in the first case because "the basis of the two suits [wa]s the same." Merit Review Order 2–3, *Armstrong v. The U.S. Fed. Gov't*, No. 4:25-cv-04007-SLD (C.D. Ill. Feb. 11, 2025) (quotation marks omitted). Alternatively, the Court found that the suit was factually frivolous. *Id.* at 3. The Court warned Plaintiff that any substantially similar complaints he filed in the future would be dismissed. *Id.*

The Complaint filed in this suit, which is over 1000 pages long, is substantially similar to the amended complaint filed in the first suit, though longer. *Compare* Compl. 1–2 (table of

---

[1] *Neitzke* refers to 28 U.S.C. § 1915(d). *Nietzke*, 490 U.S. at 327. Section 1915(e)(2)(B)(i) is section 1915(d)'s "materially identical successor." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

2

contents for the instant Complaint), *with* Am. Compl 1–2, *Armstrong*, No. 4:23-cv-04139-SLD-JEH, 2023 WL 7005376 (table of contents for the amended complaint), and the basis of all three suits Plaintiff has filed is the same. Accordingly, this case is DISMISSED as it is precluded by the Court's prior findings that the suit is frivolous. And even if deciding anew, the Court would find the case factually frivolous.

## CONCLUSION

Accordingly, the motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and the Complaint, ECF No. 1, is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i) as it is frivolous. The Clerk is directed to enter judgment and close the case. Based on Plaintiff repeatedly filing substantially similar frivolous lawsuits, the Court considers whether to take further action to restrict his filing privileges in a separate, miscellaneous action.

Entered this 19th day of November, 2025.

                                                                                                          s/ Sara Darrow
                                                                                      SARA DARROW
                                                            CHIEF UNITED STATES DISTRICT JUDGE